Bishop v. Bell.

Reversed and remanded.

---

## DANIEL J. BISHOP

### v.

## DAVID BELL.

1. PROBABLE CAUSE—MALICE.—In a suit for a malicious prosecution, it must appear, not only that there was want of probable cause, but that the prosecutor was actuated by malice in causing the arrest. Both must concur.

2. MALICE NOT IMPLIED.—Malice is a question of fact, to be found by the jury, and not a legal presumption arising from the want of probable

cause alone. The want of probable cause is a fact to be considered in determining the question of malice, but malice ought not to be inferred from it unless the charge is willfully false.

3. WHAT IS PROBABLE CAUSE.—Probable cause does not depend on the actual state of the case in point of fact, but upon the honest and reasonable belief of the party making the charge of the guilt of the accused, founded upon circumstances tending to show that he has committed a criminal offense.

ERROR to the Circuit Court of McLean county; the Hon. T. F. TIPTON, Judge, presiding.

Messrs. ROWELL & HAMILTON, for plaintiff in error; that want of probable cause and malice must both exist, cited Leidig v. Rawson, 1 Scam. 272; Jacks v. Stimpson, 13 Ill. 702; Mitchinson v. Cross, 58 Ill. 366.

As to what is probable cause, or a want of it: Wade v. Walden, 23 Ill. 425; Bourne v. Stout, 62 Ill. 261; Ross v. Inness, 35 Ill. 488; Chapman v. Cawrey, 50 Ill. 512; Barrett v. Spaids, 70 Ill. 408; Anderson v. Friend, 71 Ill. 475; Harpham v. Whitney, 77 Ill. 32; Ames v. Snider, 69 Ill. 376; Wicker v. Hotchkiss, 62 Ill. 107.

Messrs. FIFER & PHILLIPS and KARR & KARR, for defendant in error; that a verdict will not be disturbed unless manifestly against the evidence, cited Lowry v. Orr, 1 Gilm. 70; Morgan v. Ryerson, 20 Ill. 343; Martin v. Ehrenfels, 24 Ill. 187; Pullian v. Ogle, 27 Ill. 189; Wallace v. Wren, 32 Ill. 146; Dietrich v. Rumsey, 45 Ill. 209; Underhill v. Fake, 46 Ill. 50; Bunker v. Green, 48 Ill. 243; Chicago v. Logerson, 60 Ill. 201; Robinson v. Parish, 62 Ill. 130; Chapman v. Stewart, 63 Ill. 332.

Malice may be inferred from want of probable cause: Leidig v. Rawson, 1 Scam. 272; Jacks v. Stimpson, 13 Ill. 702; Ross v. Inness, 35 Ill. 487; Mitchinson v. Cross. 58 Ill. 366; Thompson v. Force, 65 Ill. 370; Montross v. Bradsby, 68 Ill. 185.

Although instructions may be erroneous, a new trial will not be granted if it is apparent from the record that a re-trial will not change the result: McConnell v. Kibbe, 33 Ill. 176; Curtis

v. Sage, 35 Ill. 22; Coursen v. Ely, 37 Ill. 338; Root v. Curtis, 38 Ill. 192; Boynton v. Holmes, 38 Ill. 59; Potter v. Potter. 41 Ill. 80; Watson v. Woolverton, 41 Ill. 241; Clark v. Pageter, 45 Ill. 185; Rankin v. Taylor, 49 Ill. 451; Stobie v. Dills, 62 Ill. 432; Charter v. Graham, 56 Ill. 19; Letteck v. Honnold, 63 Ill. 335.

In order to justify under the advice of counsel, the party must lay all the facts before him: Ross v. Inness, 35 Ill. 487; Collins v. Hayte, 50 Ill. 337.

HIGBEE, P. J.  This was an action on the case brought by defendant in error against plaintiff in error for malicious prosecution in causing his arrest before a justice of the peace for establishing a tent or booth for vending refreshments during a camp or field meeting being held for religious purposes, within one mile of the place of holding said meeting, without the permission of the authorities having charge of said meeting.

The case was tried before a jury in the court below, and a verdict and judgment rendered against plaintiff in error.  Plaintiff brings the case here and assigns numerous errors, among which are, the overruling a motion for a new trial, and the giving improper instructions on behalf of defendant.

The 59th section of the 38th chapter of the Revised Statutes of 1874 provides, among other things, that whoever, during the time of holding any camp or field meeting for religious purposes, and within one mile of the place of holding such meeting, without the permission of the authorities having charge of such meeting, establishes any tent, booth, or other place for vending provisions or refreshments, etc., shall be fined not exceeding $100.

The evidence in the record shows that a camp meeting was being held in McLean county for religious purposes, and that while it was in progress the defendant in error rented a piece of ground of one Rankin, just opposite to the entrance to the camp-ground, and about a quarter of a mile from the ministers' stand, and put up a tent on it.  In the tent defendant had put up a cooking stove, and had a table with dishes on it; in the back part of the tent were tubs and buckets, with provisions in

them, and in front of the tent a board was put up for a counter, upon which were cigars, peanuts and lemonade. This tent was put up on Friday, and on that day and the next defendant in error was warned of the consequences of his conduct, and the law read to him forbidding his selling. Plaintiff in error stated the facts to an attorney-at-law, who advised an arrest. Under these circumstances plaintiff in error swore out a warrant against defendant on Saturday, upon which he was arrested, and gave bail for his appearance before a justice on the following Monday, when he returned to his tent, and on Sunday morning procured an additional supply of dishes, and was apparently again preparing for business, when plaintiff caused another warrant to issue, upon which he was also arrested and held until the following day, when, after a change of venue, he was acquitted upon both charges. The evidence also shows that after defendant was discharged on these two charges he was again arrested on a warrant issued by another justice, but we are unable to determine from the record what connection, if any, plaintiff had with this last arrest.

In the 1st, 2d, 3d, 4th and 5th instructions given by the court for defendant in error, the court substantially instructed the jury that if plaintiff in error, caused the arrest of defendant without probable cause, then plaintiff below was entitled to recover. Each of these instructions wholly ignore the question of malice.

These instructions do not correctly state the law. This was a suit for malicious prosecution, and before a recovery can be had it must appear, not only that there was a want of probable cause for the arrest, but that the plaintiff was actuated by malice in causing the arrest to be made, both must concur; malice without probable cause is not sufficient to justify a recovery, nor is want of probable cause without malice. The 10th and 11th instructions informed the jury that if the plaintiff in error had no reasonable or probable cause for the arrest, then the law would imply malice. This is not the law. Malice is a question of fact to be found by the jury, and not a legal presumption arising from the want of probable cause alone. The want of probable cause is a fact to be considered in determining

the question of malice; but malice ought not to be inferred from it unless the charge is willfully false.   Harpham et al. v. Whitney, 77 Ill. 32.   The ninth instruction is as follows:

· 9. "The court instructs the jury for the plaintiff, that if they believe from the evidence that the advice given by the lawyer to the defendant was given contrary to the law and in bad faith; and if the jury further believe from the evidence that the defendant knew at the time the same was given that it was given in bad faith, then in such case the defendants can not justify any action they may have taken upon such advice, and the same in such case cannot be set up as an excuse for doing any unlawful act upon their part."

There is no evidence in this record tending to show that the advice given by the lawyer was contrary to law, or that it was given in bad faith, and the instruction should not have been given.

Probable cause does not depend on the actual state of the case in point of fact, but upon the honest and reasonable belief of the party making the charge, and an honest belief of the guilt of the accused, founded on circumstances tending to show that he has committed a .criminal offense, is sufficient probable cause.

Tested by these rules it is difficult to see upon what grounds this verdict can be sustained.

Reversed and remanded.